UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

SIAMAK and AFSANEH NAJAFI TAROMI,  No. 09-11661

                    Debtor(s).
_____/

J. T. HANSEN, et al.,

                    Plaintiff(s),

      v.                                       A.P. No. 09-1113

SIAMAK and AFSANEH NAJAFI TAROMI,

                    Defendant(s).
_____/

Memorandum on Motion for Summary Judgment
_____

     Before bankruptcy, plaintiffs sued Chapter 7 debtor and defendant Siamak Taromi in state court and obtained a $7.4 million default judgment after Taromi failed to answer. The judgment is just a few short sentences, but contains a finding that Taromi made intentional fraudulent misrepresentations. It does not state what those misrepresentations were. Plaintiffs seek summary judgment that their claims are nondischargeable under § 523(a)(2) of the Bankruptcy Code based on principles of issue preclusion (collateral estoppel).

1

Taromi opposes the motion on the grounds that the judgment is not final. After learning of the judgment, he made a motion for relief from default which was denied. The denial of that relief is now on appeal.

Under California law, a trial court judgment is not final and will not be given preclusive effect if an appeal is pending. 40A **Cal.Jur.3d**, Judgments, § 171. Moreover, even if this court could apply issue preclusion to this case it is not bound to do so. Application of issue preclusion is at heart a matter of discretion. *In re Lopez,* 367 B.R. 99, 107-08 (9th Cir. BAP 2007). *See also* Christopher Klein et al., Principles of Preclusion & Estoppel in Bankruptcy Cases, 79 Am. Bankr. L.J. 839, 882-83 (2005). Given the huge size of the judgment and the cursory findings of the state court, simple justice would require this court to at least wait and see how the appeal comes out before entering a nondischargeable judgment.

There is also an independent reason why summary judgment is not appropriate: there is no showing that the findings were necessary to the judgment. Since no punitive damages were awarded, the judgment could have been rendered on any claim in the complaint. Absent a demonstration that the state action was based only on intentional fraud, plaintiffs cannot show that the findings of the state court were necessary to its judgment.

For the foregoing reasons, plaintiffs' motion for summary judgment will be denied. Any party may submit an appropriate form of order.

Dated: January 10, 2010

Alan Jaroslovsky
U.S. Bankruptcy Judge

2