UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

SIAMAK and AFSANEH NAJAFI TAROMI,                    No. 09-11661

                                 Debtor(s).
_____/

J. T. HANSEN, et al.,

                                 Plaintiff(s),

            v.                                                    A.P. No. 09-1113

SIAMAK and AFSANEH NAJAFI TAROMI,

                                 Defendant(s).
_____/

Memorandum on Second Motion for Summary Judgment
_____

     Before bankruptcy, plaintiffs sued Chapter 7 debtor and defendant Siamak Taromi in state court and obtained a $7.4 million default judgment after Taromi failed to answer.  The judgment is just a few short sentences, but contains a finding that Taromi made intentional fraudulent misrepresentations. It does not state what those misrepresentations were.  It did not award punitive damages.  Plaintiffs seek summary judgment that their claims are nondischargeable under § 523(a)(2) of the  Bankruptcy Code based on principles of issue preclusion (collateral estoppel).

1

This is the second motion for summary judgment made by plaintiffs on the same theory. Over two years ago, in denying the first motion, the court noted:

> There is also an independent reason why summary judgment is not appropriate: there is no showing that the findings were necessary to the judgment. Since no punitive damages were awarded, the judgment could have been rendered on any claim in the complaint. Absent a demonstration that the state action was based only on intentional fraud, plaintiffs cannot show that the findings of the state court were necessary to its judgment.

The law has not changed since then. Issue preclusion "bars relitigation of an issue of fact or law that: (1) was actually decided by a court in an earlier action, (2) *in which the issue was necessary to the judgment in such action,* and (3) there was a valid final judgment." Christopher Klein et al., "Principles of Preclusion & Estoppel in Bankruptcy Cases," 79 Am. Bankr. L.J. 839, 853 (2005)[emphasis added]; See also *In re Khaligh*, 338 B.R. 817, 824 (9th Cir. BAP 2006); 40A **Cal.Jur.3d**, Judgments, § 158.

The complaint upon which the plaintiffs obtained their judgment contained causes of action for breach of contract and negligence. Since no punitive damages were included, the same judgment could have been rendered on those causes of action and not fraud. The recitation of fraud was therefore not necessary to the judgment and cannot, as a matter of law, be the basis for a nondischargeable judgment on a theory of issue preclusion.

Even if the law permitted the court to apply issue preclusion, it would not do so in this case. Application of issue preclusion is at heart a matter of discretion. *In re Lopez,* 367 B.R. 99, 107-08 (9th Cir. BAP 2007). A bankruptcy court must decide whether application of issue preclusion is fair. *In re Khaligh,* 338 B.R. at 824-25. Given the huge size of the judgment and the cursory finding of fraud by the state court, simple justice requires that before defendants are saddled with huge nondischargable debt for the rest of their lives the court make sure that they actually did something culpable. Moreover, the court cannot help but note that there is absolutely nothing in the record in the words of the state court judge; all that judge did was sign a form of findings and judgment submitted by counsel for plaintiffs. While ghost-written findings may be common in state court, they are disfavored in federal court. Such findings are not automatically ineligible for issue preclusion, but a

2

court must give such findings "special scrutiny," *In re T.H. Richards Processing Co.*, 910 F.2d 639, 643 n.2 (9th Cir.1990), and may consider who drafted the findings in determining if issue preclusion is just. *In re Lopez,* 367 B.R. at 105n6.

    For the foregoing reasons, plaintiffs' motion for summary judgment will be denied. Any party may submit an appropriate form of order.

Dated: June 17, 2012

                                                  Alan Jaroslovsky
                                                  U.S. Bankruptcy Judge